# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 15-50324
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 24, 2016

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JULIO M. ALEMAN, also known as Julio Martinez Aleman,

Defendant-Appellant

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:14-CR-655-1

Before HIGGINBOTHAM, ELROD, and SOUTHWICK, Circuit Judges.

PER CURIAM:*

Julio M. Aleman was convicted of possession of a firearm or ammunition by a convicted felon in violation of 18 U.S.C. § 922(g)(1). Aleman argues that the evidence was insufficient to support his conviction. Aleman moved for a judgment of acquittal at the close of the Government's evidence and presented no evidence following the denial of his motion for acquittal. He has preserved his objection to the sufficiency of the evidence supporting his conviction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 15-50324

*United States v. Daniels*, 723 F.3d 562, 569 n.13 (5th Cir.), *modified in part on reh'g*, 729 F.3d 496 (5th Cir. 2013); *United States v. Davis*, 380 F.3d 821, 827 (5th Cir. 2004).

In joint occupancy cases, we have held that constructive possession exists when there is some evidence to support a plausible inference that the defendant had knowledge of, and had access to, the items. *See United States v. Meza*, 701 F.3d 411, 419 (5th Cir. 2012). Aleman concedes that the evidence showed that he jointly occupied the residence of his son, that he ran into the garage of the residence, and that his wallet was found in the cabinet in the garage. Aleman argues that the testimony that he occupied the guest bedroom was disallowed as hearsay. Although this is true, a reasonable jury could plausibly infer that as a regular guest in his son's home, he slept in the guest room and constructively possessed the weapon and ammunition in plain view on the night stand. *See id.* Similarly, the jury could plausibly infer from the presence of his wallet, with an expired driver's license, that Aleman had access to the cabinet in the garage that contained firearms and ammunition. Accordingly, there is sufficient evidence for the jury to have found that he constructively possessed the firearms and ammunition beyond a reasonable doubt. *See United States v. Vargas-Ocampo*, 747 F.3d 299, 301 (5th Cir.) (en banc), *cert. denied*, 135 S. Ct. 170 (2014).

Aleman argues that his trial counsel was ineffective for failing to preserve his objection to the sufficiency of the evidence because he failed to renew the motion for acquittal at the close of all of the evidence. We generally decline to review ineffective assistance claims on direct appeal. *United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014). "We have undertaken to resolve claims of inadequate representation on direct appeal only in rare cases where the record allowed us to evaluate fairly the merits of the claim." *United States*

*v. Higdon*, 832 F.2d 312, 314 (5th Cir. 1987).  As discussed above, counsel did not perform deficiently but preserved Aleman's objection to the sufficiency of the evidence to support his conviction.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Finally, we review the denial of a motion for mistrial for abuse of discretion.  *United States v. Zamora*, 661 F.3d 200, 211 (5th Cir. 2011).  The district court denied Aleman's motion for a mistrial and explicitly instructed the jury that the testimony regarding whether Aleman purchased guns at a gun show was not proper evidence and that the jury should disregard the question and the answer given in response.  *See United States v. Owens*, 683 F.3d 93, 99 (5th Cir. 2012).  Aleman has not shown that the district court abused its discretion in denying his motion for a mistrial.

AFFIRMED.